Mr. Justice Morris
delivered the opinion of the Court:
1. It may well be doubted whether the act of Congress that has been cited in this case was intended to impose any duty upon the District of Columbia, such as is sought to be enforced in the present suit. The act is permissive in its character^ and not .mandatory. It is not mandatory either upon the Secretary of War to permit the use of the public grounds for the purpose in question, or upon the Commissioners of the District of Columbia to carry the purpose into effect. And even if it should be assumed that there was a duty imposed by it, from which a liability might accrue, it is not at all clear that the District of Columbia is chargeable with that duty, which was laid by express terms, not on the District as a municipality, but upon the Commissioners of the District as a superadded obligation.
But however this may be — and we desire not to be under *409 stood as distinctly deciding this point — we cannot accept the theory that the municipality, even if the duty had been imposed upon it of establishing and maintaining this beach, can be held responsible for its safety, and the safe use of it by those who are likely to have recourse to it in the same manner as streets and highways are to be rendered safe, or even as parks and grounds kept for entertainment and amusement, without direct profit or advantage to the municipality, might have to be maintained in a condition of safety. Land covered by water is necessarily more or less beyond the ordinary control of man; and the margins of streams, rivers and lakes, as well as of the ocean, are subject to a power which the ordinary operations of man may neither determine nor direct. To hold that the margin of a great river, with the mighty volume of water that constantly comes down to disturb its configuration, should be kept level and smooth, free from holes and depressions, and equally safe for the use of adult man and the child of tender years, would be to demand the impossible. It is common experience that the bed of a river is in course of constant change; and that in places the sand and earth are accumulated, in other places excavated or depressed and holes and ravines formed even in a single night. It cannot be that there is any duty imposed upon the municipality that charges it with knowledge of these mutations and requires it to warn the public against them. Neither do we understand that, in the establishment of a free bathing beach, there is any duty imposed upon it to mark in any way the depth or relative depth of the water, so as to guard the ignorant bather from venturing too far. This is a case in which the bather must rely upon his own senses and his own caution; and he has no right to have the municipal authority substituted for the exercise of his own judgment.
If there was a duty imposed in this instance upon the municipal authorities of the District of Columbia, it was: 1st. “To construct a beach and dressing-houses”; and, 2d. “ To maintain the same.” These are the terms used in the *410 statute., Now, towards individuals certainly no liability could accrue under the statute until the municipality had completed the work of construction, and thrown the beach open to the public for the uses contemplated.' No one was entitled to use this beach as a bathing beach, so as to hold the municipality liable for any negligence in its construction, if any such there was, until in some manner the municipality made known to the public that the work was completed and invited them to the use of it. By the testimony uncontro-verted and undisputed of the plaintiff’s own witness, the beach was not thrown open to the public until the 7th day of September, 1891; and the misfortune that deprived this boy of his life occurred on the 3d day of September, 1891. The boy was there furtively, as a trespasser, without invitation and without right, so far as the municipality was concerned; and it would be the grossest injustice to hold the latter responsible for an injury which it did not occasion and against which, in the nature of things, it could not have guarded. This circumstance we regard as decisive of the case, and conclusive against the plaintiff’s right to recover.
But it is argued in the face of this direct and positive testimony given by the plaintiff’s own witness, that there are other circumstances from which the jury might properly have inferred a license from the municipality to the public to use the bathing beach even before the 3d of September, 1891, such as the presence of a policeman there, the fact that many of the boys were permitted to go in without objection, the statement of the policeman that those boys might go in who had bathing-suits, and the statement of the boy’s father, the plaintiff in this case, that “he had not made any personal examination of the beach to see if it was safe, and only knew about it from the fact of reading in the ‘ Star ’ that it was open; they advertised that it was open.” But we cannot regard the detail of a policeman to be present to preserve the peace and good order of a place where it was known that boys and young men were in the habit of congregating and had probably congregated for half a century and upwards, *411 as any evidence whatever that the municipality had complied with the provisions of an act of Congress, and was prepared to incur liability to the amount of $10,000 to every individual that thought proper to go into-the Potomac River at that point. And of course the statement of the plaintiff as to what he saw in the “Star,” or thought he saw there, cannot be accepted for a moment as testimony in this case. There is absolutely no testimony whatever and nothing to go to the jury, with reference to the time at which this beach was opened to the public, and the liability of the District for its safe condition began, if it ever began, other than the statement of the plaintiff’s witness, Stevens, who had the best opportunity possible to know, as he was the originator of the scheme and the superintendent of the work, that it was not thrown open to the public until the 7th of September. And as we have said, this statement is, in our opinion, conclusive of the plaintiff’s case.
2. We do not consider that the question of contributory negligence arises in this case, inasmuch as we find no evidence of negligence on the part of the defendant. The accident was the result wholly either of the boy’s own recklessness, or was his misfortune — most probably the latter.
3. It seems important to us that we should not fail to notice another question that is involved in this case, although no point was made of it in the court below, and none was made in argument before us. This suit is instituted under the provisions of the act of Congress of February 17, 1885 (23 Stat, 307), entitled “An act to authorize suits for damages where death results from the wrongful act or neglect of any person or corporation in the District of Columbia,” which is one of the numerous statutes, now believed to be quite general in this country, based upon what is known as Lord Campbell’s Act in England. We greatly doubt whether this statute authorizes such a suit as that which we have before us here. The statute evidently contemplates actions for the benefit of those who have been deprived of the protection and support of husbands, parents *412 and others standing in analogous relations, and was scarcely intended to include administration upon the estates of children and suits by such administrators. The earnings, present and prospective, of the boy in this case belonged in law to his father, as such, and not to any administrator; and the expenditure for his funeral was an expenditure incumbent on the parent for which that parent might sue the wrongdoer who caused the. death, if such there was. It is unneces-sar}r for us to decide this question here; and we do not decide it. But we do not wish it to be passed in silence in such manner that the case may hereafter be cited as a precedent on that point.
From what we have said, it results that the judgment of the court below must be affirmed, with costs; and it is accordingly so ordered.